**EXHIBIT A**

Approved, SCAO

| | Original – Court<br>1st copy – Defendant | 2nd copy – Plaintiff<br>3rd copy – Return | 18143819<br>CASE NO. JEFFERSON |

| 36TH STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | |

| Court address<br>421 Madison, Detroit, MI 48226 | | Court telephone no.<br>(313) 965-4158 |

| Plaintiff's name(s), address(es), and telephone no(s).<br>Auto Club Group Insurance (Autumn Caudill)<br>1 Auto Club Drive<br>Dearborn, MI 48126<br>(313) 237-5644<br><br>CAS-01022B | v | Defendant's name(s), address(es), and telephone no(s).<br>Blue Cross Blue Shield of Michigan Mutual Insurance Company<br>20500 Civic Center Drive<br>Southfield, MI 48076<br>(855) 237-3501 |
| Plaintiff's attorney, Bar no., address, and telephone no.<br>Hom, Arene, Bachrach, Corbett & Kramer<br>By: Lauren F. Hayes (P78993)<br>150 W. Jefferson, Ste. 1500<br>Detroit, MI 48226 (313) 237-5644<br>SP<br>MC | | |

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111(C))
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
| | | ISSUED 01/29/18 EXPIRE 04/30/18 |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

☒ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Dearborn, MI | Defendant(s) residence (include city, township, or village)<br>Southfield, MI |
| Place where action arose or business conducted<br>Detroit, MI | |

| 1-25-2018<br>Date | Signature of attorney/plaintiff Lauren F. Hayes (P78993) |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)



STATE OF MICHIGAN

IN THE 36th DISTRICT COURT FOR THE COUNTY OF WAYNE

AUTO CLUB GROUP INSURANCE
COMPANY (Autumn Caudill),

                     Plaintiff,

-vs-

BLUE CROSS BLUE SHIELD OF MICHIGAN
MUTUAL INSURANCE COMPANY,

                     Defendant.

_____/

HOM, ARENE, BACHRACH,
CORBETT & KRAMER
BY: LAUREN F. HAYES (P78993)
Attorney for Plaintiff
150 W. Jefferson, Suite 1500
Detroit, MI 48226
313-237-5644 / 313-237-5732 (Fax)
LFHayes@aaamichigan.com
_____/

CT NO:      CIVIL DIVISION
HON. 18-143819-GC
Patricia L. Jefferson

PROOF OF SERVICE
The Undersigned certifies that the forgoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on this 26th day of Jan., 2018.

☒ US Mail    ☐ Fax
☒ Hand Delivered    ☐ UPS
☐ Fed.Express    ☒ E-Filed
☐ Other

Signature _____

*There is no other civil action arising
out of this transaction or occurrence
alleged in this Complaint.*

## COMPLAINT

    NOW COMES Plaintiff, AUTO CLUB GROUP INSURANCE COMPANY, by and

through its attorneys, HOM, ARENE, BACHRACH, CORBETT & KRAMER, and states the

following Complaint:

    1.    Plaintiff, AUTO CLUB GROUP INSURANCE COMPANY ("ACGIC"), is a

reciprocal insurance exchange licensed to do business in the State of Michigan, with its principal

place of business in the city of Dearborn, County of Wayne, State of Michigan, doing business in

the County of Wayne.

2.    Defendant, BLUE CROSS BLUE SHIELD OF MICHIGAN MUTUAL INSURANCE COMPANY ("BCBS"), upon information and belief, it is an insurance company licensed to do business in the State of Michigan, with is principal place of business in the City of Southfield, County of Oakland, State of Michigan, doing business in the County of Wayne.

3.    Plaintiff's insured, AUTUMN CAUDILL ("Caudill") had a valid policy of automobile insurance with ACGIC on May 14, 2015, and for all times relevant to this action.

4.    Upon information and belief, Plaintiff's insured, Caudill, obtained a valid policy of insurance with Defendant BCBS which also provided medical coverage for Caudill under Blue Cross Blue Shield Contract Number GHP891068072, Group Number 83200.

5.    Upon information and belief, Defendant, BCBS, was the primary health insurer for Caudill on May 14, 2015.

6.    Plaintiff's insured, Caudill, purchased coordinated medical benefits under her policy of no-fault automobile insurance with ACGIC, making Plaintiff secondary for payment of medical bills for injuries incurred as a result of an automobile accident pursuant to MCL 500.3109(a). (Exhibit A, Insurance Policy and Declaration Certificate)

7.    Pursuant to Michigan statutes, case law, and the contract of insurance between Caudill and ACGIC, Defendant BCBS, as a health insurance provider for Caudill, is primarily liable for medical bills for medical treatment rendered on behalf of Caudill.

8.    On or about May 14, 2015, Plaintiff's insured, Caudill, was injured in an automobile accident causing her to sustain personal injuries.

9.    Upon information and belief, the medical treatment rendered to Caudill as a result of the auto accident of May 14, 2015 would be a covered benefit under Caudill's policy of insurance with Defendant, BCBS.

10.    Subsequent to the aforementioned motor vehicle accident and in connection with the resulting injuries to Caudill, she did receive medical treatment from various medical service providers of which were reimbursed by ACGIC in the amount of $5,830.87.

11.    Upon information and belief, ACGIC Claim Specialist, Michele Spencer, sent Defendant BCBS notice of said bills and requested reimbursement of same in the amount of $5,830.87. (Exhibit B, Affidavit by Michele Spencer)

12.    Upon information and belief, despite numerous requests, Defendant, BCBS has refused to pay the full amount of primary coverage in the amount of $5,830.87, which represents the outstanding medical bills due and owing.

WHEREFORE, Plaintiff AUTO CLUB GROUP INSURANCE COMPANY, respectfully requests a judgment against Defendant, BLUE CROSS BLUE SHEILD OF MICHIGAN MUTUAL INSURANCE COMPANY, in the amount of $5,830.87, which represents the outstanding payment for medical services provided to Autumn Caudill in connection with the May 14, 2015 motor vehicle accident, plus interest, costs, and attorney fees as appropriate.

HOM, ARENE, BACHRACH,
CORBETT & KRAMER

LAUREN F. HAYES (P78993)
Attorney for Plaintiff
150 W. Jefferson, Suite 1500
Detroit, MI 48226
313-237-5644 / 313-237-5732 (Fax)
LFHayes@aaamichigan.com

DATED:    January 25, 2018

# EXHIBIT A

November 16, 2017

Michele Spencer
Claim Specialist
Franklin / Recovery Unit / 9500

Insured Name:        Brian R Atwood
Case Name:           ACGIC (Caudill) v BCBS
Policy Number:       5-4095860-01-002
Claim Number:        CN-030333
Date of Loss:        05/14/15

This will certify that the following policy form was in effect for the policy term 10/01/14 to 10/01/15. A true specimen is enclosed.

CAR INSURANCE POLICY
6500-1207-0110

MICHIGAN AMENDATORY ENDORSEMENT
6500-42419-1010

This will also certify that while the above-referenced policy form was in effect, a new policy form was introduced in Michigan, effective 02/01/15. This new policy form was in effect for all persons who became insured or renewed their insurance with the company after this effective date. If this new policy form added coverage that was not described in the policy form in effect during the above-stated term, this new coverage may also be available to the insured as an additional benefit. A true specimen of the new policy form is enclosed.

MICHIGAN AMENDATORY ENDORSEMENT
6500-42419-MI-0215

This will further certify that the enclosed declaration sheet is an accurate declaration of coverages applicable to the above-described policy during the above-described term.

This certification does not guarantee that the coverages shown remained in effect throughout the policy term or are otherwise available to indemnify for losses claimed in the matter for which this certification was requested.

Danielle Sabuda
Policy Verification Analyst
Underwriting

Enclosures

AUTO CLUB GROUP
- INSURANCE COMPANY
DEARBORN, MICHIGAN 48126

**AUTOMOBILE INSURANCE POLICY**
**RENEWAL DECLARATION CERTIFICATE**
**(CONTINUED- PAGE 2)**

A



14286

FORM
8600-1101-34

| (ITEM 1) | | |
|---|---|---|
| PRINCIPAL NAMED INSURED:<br>BRIAN R ATWOOD<br>15153 CICOTTE AVE<br>ALLEN PARK MI 48101-3005 | OTHER NAMED INSUREDS:<br>ACAR LEASING, LTD<br>AUTUMN N CAUDILL | |

DOF: 421      08-28-14 H

POLICY NUMBER: 5-409-58-60-01
POLICY TERM:  10-01-14 TO 10-01-15

YOUR REPRESENTATIVE:
R DAVENPORT
PHONE:  1-313-336-2595
PLAN 586

VEHICLE REFERENCE NUMBER 002: 14 CHEV  4D MALIBU 1LT (1G11C5SL2EF266844)

PRINCIPAL DRIVER (ITEM 2): BRIAN R ATWOOD         PREMIUM REFLECTS SAFE DRIVER RATING
RATED DRIVER:  BRIAN R ATWOOD , 30 TO 39 YEARS OF AGE.
RATED USAGE:  PLEASURE, NOT DRIVEN TO WORK OR SCHOOL.
RATED INCOME LEVEL: RATED ON ANOTHER VEHICLE            ANNUAL MILEAGE: 7,500 OR LESS
LIENHOLDER: ACAR LEASING LTD
DISCOUNT(S): SAFETY BELT, PREMIER, RENEWAL, AIR BAG, MULTIPLE CAR, GROUP,
             ANTI-THEFT DEVICE

COVERAGES AND LIMITS OF LIABILITY:                                              PREMIUM:

UNINSURED/UNDERINSURED MOTORISTS - $100,000 EACH PERSON/$300,000 EACH ACCIDENT   $    16.00

BODILY INJURY LIABILITY -   $100,000 EACH PERSON/  $300,000 EACH OCCURRENCE      $   141.90

PROPERTY DAMAGE LIABILITY -   $100,000 EACH OCCURRENCE                           $    17.50
        INCLUDING MICHIGAN LIMITED PROPERTY DAMAGE LIABILITY

PROPERTY PROTECTION INSURANCE - INCLUDED                                         $    24.20

PERSONAL PROTECTION INSURANCE - $500 DEDUCTIBLE COORDINATED MEDICAL             $   341.60
                        BENEFITS INCLUDED

COMPREHENSIVE-$250 DEDUCTIBLE                                                    $   147.90

BASIC COLLISION- $400 DEDUCTIBLE                                                 $ . 443.30

DEATH INDEMNITY-INCLUDED                                                        -----------

CAR RENTAL-NOT INCLUDED                                                         -----------

COVERAGE PREMIUM CHARGE FOR THIS VEHICLE:                                        $ 1,132.40

STATUTORY ASSESSMENTS, INCLUDING MCCA:                                           $   240.00

TOTAL PREMIUM CHARGE FOR THIS VEHICLE:                                           $ 1,372.40

GROUP AFFILIATION:
    YOUR PREMIUMS WERE BASED IN PART UPON GROUP INSURANCE RATES PROVIDED TO
MEMBERS OF A GROUP IDENTIFIED AS:   RIVERS EDGE COMM CU
YOU MUST IMMEDIATELY NOTIFY YOUR AAA MICHIGAN SALES REPRESENTATIVE IF
YOU OR A HOUSEHOLD MEMBER ARE NO LONGER AFFILIATED WITH THIS GROUP.
INSURANCE SCORE:  737. SCORE FACTOR CODES: 62 58 56 77. SEE ENCLOSED NOTICE.

---

TOTAL PREMIUM CHARGE FOR ALL THE VEHICLES ON THIS POLICY: .   . $  2,747.60

00410005171100  002 1002421 86 W 425501 000 10113 30AM 3 206  00** K1

THIS ATTACHES TO POLICY FORM 1207.     A COVERAGE APPLIES ONLY IF A PREMIUM IS LISTED FOR IT.

38080:3/2:64656 (AV)

6500-1207-0110

Auto Club Insurance Association • Auto Club Group Insurance Company • MemberSelect Insurance Company • Dearborn, Michigan 48126

## THIS POLICY IS ISSUED BY THE INSURANCE COMPANY NAMED ON THE DECLARATION CERTIFICATE.

## GENERAL INSURING AGREEMENT

In exchange for the premium deposit, or premium payment, we agree with the Principal Named Insured to provide insurance for the Coverages and Limits of Liability stated on the Declaration Certificate made a part of this policy. This agreement is subject to all the terms of this policy which is issued in reliance upon the declarations made in the application and contained on the Declaration Certificate. The Declaration Certificate together with the policy form and any endorsements completes the policy. If this policy form is revised, it will be amended or replaced at the beginning of the next policy term.

## WHAT YOU MUST DO IN CASE OF CAR ACCIDENT OR LOSS

**NOTICE**

1. In the event of an accident, occurrence or loss, you (or someone acting for you) must inform us or our authorized agent promptly giving:

   a. the time, place and other facts;
   b. the names and addresses of all involved persons and witnesses.

2. If it is not possible to do this promptly, it must be done as soon as it is reasonably possible.

**OTHER DUTIES**

1. A person claiming any coverage under this policy must:

   a. cooperate with and assist us in any matter concerning a claim or suit;
   b. send any legal papers received relating to any claim or suit to us promptly;
   c. provide any written Proofs of Loss we require. Submit to examinations by us, under oath, as often as we may reasonably require.
   d. allow us to examine any other persons or witnesses, under oath, while not in the presence of any person claiming, or who may claim, any coverage under this policy. This must be done as often as we may reasonably require.

2. A person claiming Personal Protection Insurance or Uninsured/Underinsured Motorists Coverage must promptly:

   a. give us written notice of any injury;
   b. submit to physical and mental examinations at our expense by doctors we select as often as we may reasonably require;

   c. authorize us to obtain medical, wage and other records;
   d. give us a copy of any legal papers served in connection with any lawsuit started by you or your legal representative to recover damages for bodily injury against a person or organization who may be liable;
   e. under Uninsured/Underinsured Motorists Coverage, make a written report of a hit-and-run accident within 24 hours to a law enforcement agency; allow us to inspect the car occupied by the insured person, if that car is within the possession and control of the insured person or his or her representative; file with us within 30 days written notice of the hit-and-run accident.

   If it is shown that it is not reasonably possible to give such notice within the prescribed time, notice must be given as soon as it is reasonably possible.

3. A person claiming Car Damage Coverages must:

   a. immediately report theft of the insured car, its equipment or extra equipment to a law enforcement agency;
   b. when required, prior to payment of a claim for damages caused by fire, submit a report to the fire department in the locale where the fire occurred;
   c. take reasonable steps to protect the insured car from further damage. We will pay your reasonable expenses for this. The loss must be covered by Car Damage Coverages. We will not pay for further damage if you fail to protect the insured car;
   d. allow us to inspect and appraise the damaged insured car before its repair or disposal if that car is within the possession and control of the insured person or his or her representative.

# CONTENTS OF POLICY

| | Page | | | Page |
|---|---|---|---|---|

**GENERAL INSURING AGREEMENT**........................ 1

**WHAT YOU MUST DO IN CASE OF CAR ACCIDENT OR LOSS**

    Notice ...................................................... 1
    Other Duties ........................................... 1

**DEFINITIONS USED THROUGHOUT THIS POLICY** ........................................... 3

**PART I-BODILY INJURY AND PROPERTY DAMAGE LIABILITY COVERAGES**

    Definition ................................................ 4
    Insuring Agreement ............................... 4
    Additional Payments ............................. 4
    Exclusions ............................................. 4
    Broadened Other Car Coverage ......... 5
    Conformity With Financial Responsibility Laws ................................ 5
    Limits of Liability .................................. 5
    Other Insurance ................................... 5

**PART II-MICHIGAN NO-FAULT COVERAGES**

    Definitions ............................................. 6
    Insuring Agreements:
      Personal Protection Insurance Coverage ........ 6
        Medical Benefits (Allowable Expenses) ........ 6
        Work Loss Benefits ........................ 6
        Expense for Services Benefits ........ 6
        Survivors' Loss Benefits ................ 6
      Property Protection Insurance Coverage ........ 6
    Exclusions ............................................. 7
    Limits of Liability .................................. 8
      Governmental Benefits Set Off ........ 8
      Deductible .................................... 8
    Other Insurance ................................... 8
    Reimbursement & Trust Agreement ... 9
    Arbitration ............................................. 9

**PART III-DEATH INDEMNITY COVERAGE**

    Definition ................................................ 9
    Insuring Agreement ............................... 9
    Exclusions ............................................. 10

**PART IV-UNINSURED/UNDERINSURED MOTORISTS COVERAGE**

    Definitions ............................................. 10
    Insuring Agreement ............................... 10
    Exclusions ............................................. 11
    Limits of Liability .................................. 11
    Other Insurance ................................... 12

Arbitration ............................................. 12

**PART V-CAR DAMAGE COVERAGES**

    Definitions ............................................. 13
    Insuring Agreements:
      Comprehensive Coverage ............. 13
      Limited Collision Coverage ........... 13
      Basic Collision Coverage .............. 14
      Broad Collision Coverage .............. 14
      Car Rental Coverage ..................... 14
      Extra Equipment Coverage ........... 14
      Supplementary Payments .............. 14
    Deductible ............................................. 14
    Exclusions ............................................. 15
    Limits of Liability .................................. 15
    No Benefit To Bailee ............................ 15
    Other Insurance ................................... 16
    Defense ................................................ 16
    Appraisal and Arbitration ..................... 16
    Payment of Loss ................................. 16

**GENERAL POLICY CONDITIONS APPLYING TO ALL PARTS OF THIS POLICY**

  1. Policy Term, Territory, Use ............. 16
  2. Conformity With Statutes ................. 16
  3. Two or More Cars ............................ 16
  4. No Duplication or Pyramiding ......... 16
  5. Our Recovery Rights ....................... 16
  6. Transfer of the Policy ...................... 16
  7. Suit Against Us ................................ 17
  8. Bankruptcy ...................................... 17
  9. Excluded Driver ............................... 17
  10. Cancellation .................................... 17
  11. Cancellation By Us, Limited ........... 17
  12. Nonrenewal ..................................... 17
  13. Changes .......................................... 18
  14. Change of Address or Rating Conditions ..... 18
  15. Effective Time ................................. 18
  16. Declarations .................................... 18
  17. Additional Car Option ...................... 18
  18. Premium .......................................... 18
  19. Constitutionality .............................. 18
  20. Concealment or Fraud .................... 19
  21. Transfer of Title .............................. 19
  22. Loss Payable ................................... 19
  23. Non-Assessable .............................. 19
  24. Return of Premium Deposit ............ 19

**SIGNATURE CLAUSE**

    Auto Club Insurance Association ......... 20
    Auto Club Group Insurance Company ... 20
    MemberSelect Insurance Company ...... 20

# INDEX OF COVERAGES

Allowable Expenses .................................. 6
Bodily Injury Liability Coverage ............... 4
Broadened Other Car Coverage .............. 5
Car Rental Coverage ................................ 14
Collision Coverages:
    Basic Collision Coverage ................. 14
    Broad Collision Coverage ................. 14
    Limited Collision Coverage ............... 13
Comprehensive Coverage ........................ 13
Death Indemnity Coverage ....................... 9
Extra Equipment Coverage ...................... 14

Expense for Services Benefits ................. 6
Medical Benefits (Allowable Expenses) ... 6
Michigan Limited Property Damage Liability Coverage .................................... 5
Personal Protection Insurance Coverage ... 6
Property Damage Liability Coverage ........ 4
Property Protection Insurance Coverage ... 6
Supplementary Payments ......................... 14
Survivors' Loss Benefits ........................... 6
Uninsured/Underinsured Motorists Coverage ... 10
Work Loss Benefits ................................... 6

## DEFINITIONS USED THROUGHOUT THIS POLICY

Defined words are shown in bold type. In each Part, there are additional definitions for that Part only.

1. **Additional Car** means a car, other than a replacement, acquired by the Named Insured after the effective date of this policy if we insure all cars owned by the Named Insured. This definition is subject to Condition 17 of this policy.

2. **Bodily Injury** means injury, sickness, disease or death of any person.

3. **Car** means a vehicle of the same type as the one described on the Declaration Certificate.

4. **Car Business** means the business or occupation of renting, leasing, selling, repairing, servicing, storing or parking motor vehicles including road testing and delivery.

5. **Code** means Chapter 31 of the Michigan Insurance Code, the Michigan No-Fault Law.

6. **Insured Car** means:

   a. Your Car, which is the vehicle described on the Declaration Certificate and identified by a specific vehicle reference number, a **replacement**, a **temporary substitute** and a **trailer** owned by you; and

   b. **Other Car**, which is any:
      1. private passenger car;
      2. trailer, or
      3. vehicle with a manufacturer's rated gross vehicle weight (GVW) of 12,000 pounds or less used for the purpose of non-commercial transportation of personal household goods

      that you or any resident of your household: does not own; does not lease for 31 days or more; or does not have furnished or available for frequent or regular use.

7. **Insured Person(s)** means those persons entitled to coverage under this policy. They are defined under each Part.

8. **Lienholder** means Lienholder or other loss-payee named on the Declaration Certificate.

9. **Occupying, Occupied** means in, getting into or getting out of.

10. **Principal Named Insured** means the person or organization named first in Item 1 on the Declaration Certificate. It includes the spouse.

11. **Private Passenger Car** means a car with four wheels or more and a wheelbase of 56 inches or more that is:

    a. A passenger, station wagon, sport utility or pickup body type car;
    b. A truck or van type car with a manufacturer's rated gross vehicle weight of 12,000 pounds or less. However, this does not include a step-van, parcel delivery van or cargo cutaway van or other van with a cab separate from the cargo area;
    c. A motor home.

12. **Property Damage** means damage to, or destruction of, tangible property. It includes loss of use.

13. **Replacement** means a car, ownership of which is acquired by the Named Insured after the effective date of this policy when it replaces the described car. We must be told about it within 30 days after the acquisition.

14. **Resident Relative** means a person who is a resident of your household related to you by blood, marriage or adoption, or is your foster child. **Resident Relative** also includes your unmarried child attending school away from home. In Part II-Michigan No-Fault Insurance Coverages, **resident relative** includes spouse.

15. **Spouse** means your husband or wife if a resident of your household. If your spouse ceases to be a resident of your household during the term of this policy, he or she will be considered a resident spouse under this policy until the end of the policy term, unless he or she is named as an insured on another policy effective before the end of this policy term.

16. **State(s)** includes any state, territory or possession of the United States, the District of Columbia, and Canada.

17. **Temporary Substitute** means a car or trailer not owned by you or any resident of your household used while your car is out of use for a short time because of its breakdown, repair, servicing, loss or destruction.

18. **Trailer** means a trailer designed to be towed by a private passenger car.

19. **War** means war, whether or not declared, civil war, insurrection, rebellion or revolution or any related act or incident.

20. **We, Us, Our(s)** means the insurance Company named on the Declaration Certificate.

21. **You, Your(s), Named Insured** means any person or organization named on the Declaration Certificate as:

    a. Principal Named Insured or Other Named Insured shown in Item 1. It includes the spouse of the Principal Named Insured.
    b. Principal Driver named in Item 2 but only for the specific vehicle where so named. It includes the spouse of the Principal Driver.

## PART I - BODILY INJURY AND PROPERTY DAMAGE LIABILITY COVERAGES
A Coverage from this Part applies only if a premium is listed for it on the Declaration Certificate.

THE DEFINITIONS FOUND ON PAGE 3 APPLY TO THIS PART AND, IN ADDITION, FOR THIS PART:

Insured person(s) means:

1. For use of your car,

   a. you and any resident relative,
   b. any other person using it with your permission;

2. For use of other cars, used with the permission of a person having the right to grant it and if your car is a private passenger car,

   a. you, if an individual,
   b. any resident relative who does not own a private passenger car;

3. Any other person who does not own or hire, but is legally responsible for the use of, the insured car operated by an insured person.

INSURING AGREEMENT

1. Subject to the Definitions, Exclusions, Conditions and Limits of Liability of this policy, we will pay damages for which an insured person is legally liable because of bodily injury or property damage arising out of the ownership, maintenance or use including the loading or unloading of the insured car.

2. We will defend an insured person in any civil action with attorneys of our choice or settle any claim for these damages as we think appropriate. We will choose either our staff attorneys or private attorneys; both shall exercise their independent professional judgment in the defense of an insured person. However, we will not defend or settle, after we have paid our Limit of Liability for this coverage.

3. If the words "INCLUDING MICHIGAN LIMITED PROPERTY DAMAGE LIABILITY COVERAGE" are shown on the Declaration Certificate, we will also pay for damages which an insured person becomes legally obligated to pay for damage to a motor vehicle as required and limited by Section 3135(3)(e) of the Code.

ADDITIONAL PAYMENTS

1. In addition to the Limits of Liability for this coverage, we will also pay:

   a. all costs we incur in the settlement of any claim or defense of any suit;
   b. interest on damages awarded in any suit we defend accruing after judgment is entered and before we have paid, offered to pay, or deposited in court that portion of the judgment which is not more than our Limit of Liability. We will also pay prejudgment interest as required by law on that part of the judgment which we pay;
   c. premiums on appeal bonds and attachment bonds required in any suit we defend. We will not pay the premium for attachment bonds of an amount beyond our Limit of Liability;
   d. charges up to $250 for a bail bond required due to a traffic law violation or auto accident causing bodily injury or property damage covered by this Part. We have no obligation to apply for this type of bond;
   e. loss of earnings up to $250 a day when we ask you to attend trials or hearings;
   f. other reasonable expenses incurred at our request.

EXCLUSIONS

1. Persons and Vehicles Not Covered. The Liability Coverage does not cover:

   a. the United States of America and any of its agencies;
   b. a person covered by any contract of nuclear energy liability insurance;
   c. a person covered by the Federal Tort Claims Act;
   d. the use of any vehicle which is:

      (1) owned;
      (2) leased for 31 days or more; or
      (3) furnished or available for the frequent or regular use

      by you or any resident of your household unless it is: the vehicle described on the Declaration Certificate and identified by a specific vehicle reference number, a replacement, a temporary substitute or trailer owned by you.

2. Business Use Not Covered. The Liability Coverage does not cover:

   a. your car if used in the course of the car business. You or a resident relative, however, are covered;

## PART I – BODILY INJURY AND PROPERTY DAMAGE LIABILITY COVERAGES (Continued)

b. another car if used in the course of the car business by anyone;

c. an other car if used in the course of any other business of an insured person except a private passenger car operated or occupied by you.

3. Bodily Injury and Property Damage Not Covered. The Liability Coverage does not cover:

a. bodily injury during the course of employment: to an insured person's domestic employee who is entitled to Workers' Compensation; or to any other employee of an insured person;

b. bodily injury to an insured person's fellow employee while using an insured car in the course of employment. However, we will cover you;

c. bodily injury or property damage if an insured person assumes liability by contract or agreement;

d. bodily injury or property damage while an insured car is used to carry persons for a fee;

This exclusion does not apply to a share-the-expense car pool or to the use of the insured car for volunteer or charitable purposes or for which reimbursement for normal operating expenses is received.

e. bodily injury or property damage while an insured car is subject to any rental, lease, sale or consignment agreement not shown on the Declaration Certificate or any other endorsement issued by us;

f. property damage to motor vehicles for which an insured person is liable due to Section 3135(3)(e) of the Code. This exclusion does not apply if the words "INCLUDING MICHIGAN LIMITED PROPERTY DAMAGE LIABILITY COVERAGE" are shown on the Declaration Certificate;

g. property damage to property owned by, in the care of, transported by or rented to an insured person. Property damage to a residence or a private garage or carport rented to an insured person is covered.

h. traffic fines or court ordered restitution.

4. To the extent that the Limits of Liability under Part I exceed the minimum Limits of Liability required by the Financial Responsibility Law of the state in which the loss occurred, the Liability Coverage does not cover:

a. bodily injury or property damage expected or intended from the standpoint of the insured person, even if the bodily injury or property damage is different from, or greater than, that which is expected or intended.

5. Coverage from this Part does not apply to punitive damages, exemplary damages, or statutorily imposed treble or multiplied damages.

### BROADENED OTHER CAR COVERAGE

A person named on the Declaration Certificate for Broadened Other Car Coverage has Liability Coverage for use of a motor vehicle with four wheels or more not owned by that person or spouse. The Limit of Liability will be the same as that for the car identified by the vehicle reference number next to the person named. Exclusion 1.d. does not apply; all other policy provisions do apply. If the person named is a named insured, coverage also applies for the spouse.

### CONFORMITY WITH FINANCIAL RESPONSIBILITY LAWS

1. When we certify this policy as proof under any Financial Responsibility Law of any state, it will comply with that law so that if the coverage and Limits of Liability of this policy are less than those required by that law, they shall be revised to include coverage and Limits of Liability required by that law.

2. If an exclusion in this policy is deemed void in the state with jurisdiction over the loss, the exclusion shall be applied or omitted to the extent required to make this policy conform with the law of the state with jurisdiction over the loss.

### LIMITS OF LIABILITY

1. The Limits of Liability shown on the Declaration Certificate apply as follows:

a. The Bodily Injury Limit for each person is the maximum amount that will be paid for bodily injury sustained by one person in one occurrence. This limit includes any claim of other persons for damages for care and loss of services and society, wrongful death and survivor actions and derivative damages arising out of bodily injury;

b. Subject to the limit for each person, the Bodily Injury Limit for each occurrence is the maximum amount that will be paid for bodily injury sustained by two or more persons in one occurrence. This limit includes any claim of other persons for damages for care and loss of services and society, wrongful death and survivor actions and derivative damages arising out of bodily injury;

c. The Property Damage Limit for each occurrence is the maximum amount that will be paid for property damage sustained in one occurrence;

d. If the Declaration Certificate shows SINGLE LIMIT, our combined maximum limit for bodily injury and property damage in one occurrence is the amount shown on it. This limit includes any claim of other persons for damages for care and loss of services and society, wrongful death and survivor actions and derivative damages arising out of bodily injury.

2. We will pay no more than the limits shown on the Declaration Certificate for a car described and identified by a vehicle reference number when the liability is due to that car, a temporary substitute or replacement for it or a trailer owned by you.

3. If the liability is due to an other car, we will pay no more than the highest limit shown on the Declaration Certificate for any one car described and identified by a vehicle reference number on this and no other policy.

4. The limits are not increased because claim is made or suit is brought against more than one insured person.

### OTHER INSURANCE

If the car involved in a loss and described on the Declaration Certificate is also covered by other liability insurance, we will pay the ratio of our Limit of Liability to the total applicable Liability Limit. With respect to an other car, temporary substitute, additional car or replacement, insurance afforded under this Part is excess over any other collectible car liability insurance.

## PART II - MICHIGAN NO-FAULT COVERAGES
A Coverage from this Part applies only if a premium is listed for it on the Declaration Certificate.

THE DEFINITIONS FOUND ON PAGE 3 APPLY TO THIS PART AND, IN ADDITION, FOR THIS PART:

1. Motor Vehicle means a vehicle, including a trailer, with more than two wheels, required to be registered in Michigan. The motor vehicle must be operated, or designed for operation, upon a public highway by power other than muscular power. Motor Vehicle does not include: a motorcycle, moped or off-road vehicle; or a farm tractor or other implement of husbandry which is not subject to the registration requirements of the Michigan Vehicle Code.

2. Motorcycle means a vehicle having a saddle or seat for use of the rider, designed to travel on not more than three wheels and with a motor that exceeds 50 cubic centimeters piston displacement. Motorcycle does not include a moped.

3. Insured Motor Vehicle means:

   a. A motor vehicle described on the Declaration Certificate and identified by a vehicle reference number, for which:

      (1) the Liability Insurance of this policy applies, and
      (2) the named insured is required to maintain security under the provisions of the Code; or

   b. A motor vehicle to which the Liability Insurance of this policy applies, if it:

      (1) does not have the security required by the Code, and
      (2) is operated, but not owned, by you or a resident relative;

   c. A trailer with more than two wheels designed for use with a private passenger car that is owned or used by you or any resident relative if it does not have the security required by the Code;

   d. A trailer with less than three wheels for the purposes of Medical Benefits (Allowable Expenses) only.

4. Insured Person(s) means:

   a. you, if an individual, your spouse and any resident relative;

   b. any other person who is:

      (1) occupying the insured motor vehicle, or
      (2) injured as a result of an accident involving the insured motor vehicle while not occupying a motor vehicle.

5. Dependent Survivor(s) means:

   a. the surviving spouse, if residing in the same household at the time of death, or if dependent upon the deceased at the time of death. Dependency ends upon death or remarriage of the surviving spouse;

   b. a person who was dependent upon the deceased at the time of death and is:

      (1) under the age of 18 years, or
      (2) physically or mentally incapacitated from earning, or
      (3) engaged full-time in a formal program of academic or vocational training.

   Dependency ends upon death of the dependent survivor.

INSURING AGREEMENTS

1. PERSONAL PROTECTION INSURANCE COVERAGE.
   We agree to pay only as set forth in the Code the following benefits to or for an insured person who suffers accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle. In case of the death of the insured person, we will pay these benefits to or for the dependent survivor(s) of the insured person.

   a. MEDICAL BENEFITS (ALLOWABLE EXPENSES). All reasonable charges incurred for reasonably necessary products, services and accommodations for an insured person's care, recovery or rehabilitation.

   b. WORK LOSS BENEFITS. Loss of income from work an insured person would have performed if that person had not been injured.

   c. EXPENSE FOR SERVICES BENEFITS. Expenses reasonably incurred in obtaining ordinary and necessary services an insured person would have performed not for income but for the benefit of that person or dependents.

   d. SURVIVORS' LOSS BENEFITS. Contributions of tangible things of economic value that the dependent survivor(s) of the deceased at the time of death would have received for support. We will pay expenses reasonably incurred by these dependent survivors in obtaining ordinary and necessary services the deceased would have performed for their benefit.

2. PROPERTY PROTECTION INSURANCE COVERAGE.
   We agree to pay only as set forth in the Code for property damage caused by accident and arising out of the ownership, operation, maintenance or use of an insured motor vehicle as a motor vehicle. The accident must happen in the state of Michigan.

EXCLUSIONS

1. Bodily Injury Not Covered. This insurance does not apply to bodily injury to:

   a. a person using a motor vehicle or motorcycle taken unlawfully unless that person reasonably believed there was permission to take and use that motor vehicle or motorcycle;

## PART II - MICHIGAN NO-FAULT COVERAGES (Continued)

b. a person, other than you or a resident relative, not occupying a motor vehicle if the accident occurs outside the state of Michigan;

c. you while occupying, or through being struck by while not occupying, a motor vehicle owned or registered by you and which is not an insured motor vehicle. This exclusion does not apply to Additional Work Loss Benefits if provided by this policy in excess of the limit provided by any insurance covering the motor vehicle in which the injury was sustained;

d. a resident relative while occupying, or through being struck by while not occupying, a motor vehicle, if the resident relative is the owner or registrant of that motor vehicle and has failed to maintain security required by the Code on that motor vehicle;

e. a person arising out of the ownership, operation, maintenance or use, including loading or unloading, of a parked motor vehicle, unless:

(1) the motor vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred, or

(2) bodily injury was a direct result of physical contact with:

(a) equipment permanently mounted on the motor vehicle while the equipment was being operated or used, or

(b) property being lifted onto or lowered from the motor vehicle in the loading or unloading process, or

(3) the person was occupying the motor vehicle;

f. a person while occupying a motor vehicle located for use as a residence or premises;

g. a person while occupying a motor vehicle operated in the business of transporting passengers for which security is maintained as required by the Code, unless the motor vehicle is an insured motor vehicle or the person is a passenger in:

(1) a school bus,

(2) a bus operated as a common carrier certified by the Department of Transportation,

(3) a bus operated under a government sponsored transportation program,

(4) a bus operated by or providing service to a non-profit organization,

(5) a bus operated by a livery (canoe or other watercraft, bicycle or horse) used only to transport passengers to or from a destination point, or

(6) a taxicab;

h. you or a resident relative while occupying a motor vehicle 'owned or registered' by your or their employer for which security is maintained as required by the Code;

i. a resident relative entitled to Personal Protection Insurance Benefits as a person named under the terms of any other policy;

j. a person, other than you or a resident relative, entitled to Personal Protection Insurance Benefits under the terms of any other policy;

k. the owner or registrant of a motor vehicle or motorcycle involved in the accident who has failed to maintain security on that motor vehicle or motorcycle as required by the Code;

l. a non-resident of Michigan while occupying a motor vehicle or motorcycle not registered in Michigan and not insured by an insurer which has filed a certification in compliance with the Code.

2. Bodily Injury and Property Damage Not Covered. This insurance does not apply to bodily injury or property damage suffered intentionally or caused intentionally by a person claiming benefits. A person does not suffer or cause injury intentionally if their conduct is for the purpose of avoiding injury to any person or property.

3. Property Damage Not Covered. This insurance does not apply to property damage:

a. to a vehicle and its contents, including trailers, designed for operation upon a public highway by power, other than muscular power, unless the vehicle is parked so as not to cause unreasonable risk of the property damage which occurred;

b. to property owned by you or a resident relative;

c. to the property of a person who is using the insured motor vehicle without your expressed or implied consent;

d. to utility transmission lines, wires or cables arising from the failure of a municipality, utility company, or cable television company to comply with the requirements of Michigan Law.

e. that occurs within the course of business of repairing, servicing or otherwise maintaining motor vehicles except for damage to reasonably parked motor vehicles.

### LIMITS OF LIABILITY

1. PERSONAL PROTECTION INSURANCE. Our Limits for benefits payable to or on behalf of any one person who sustains bodily injury in any one motor vehicle accident are as set out below.

a. (i) Medical Benefits (Allowable Expenses) shall include reasonable and customary charges for semi-private hospital accommodations except when the insured person requires special care; funeral and burial expenses not to exceed $2,500 unless a higher limit is shown on the Declaration Certificate;

## PART II - MICHIGAN NO - FAULT COVERAGES (Continued)

(ii) If the Declaration Certificate shows "COORDINATED MEDICAL BENEFITS," it is agreed that primary medical insurance or health care benefit plans providing coverage for motor vehicle accident injuries are available to you or a resident relative and are your primary source of protection. If primary protection is available, we will pay benefits for all reasonable charges incurred for reasonably necessary products, services and accommodations for the care, recovery or rehabilitation of you or a resident relative, except to the extent that: (1) benefits are paid or payable under your primary protection; or (2) a provider within your primary source of protection is qualified and competent to render comparable services or accommodations. If primary protection is not available at the time of loss, amounts payable will be reduced by $300.

b. (i) Work Loss Benefits shall include payment for loss which occurs during the life of the insured person and within three years of the date of the accident;

(ii) Benefits payable for loss of income from work shall be reduced by 15%. If the insured person's income tax advantage is less than 15%, the actual percentage shall apply;

(iii) After the application of the above limits, the combined total amount payable for Work Loss in any 30-day period and the income earned shall not exceed the maximum amount established under the Code. If greater, the amount shown on the Declaration Certificate will be paid. The combined total limit shall be reduced pro rata for any period of less than 30 days;

(iv) If the Declaration Certificate shows "COORDINATED WORK LOSS BENEFITS," sums paid or payable to you or a resident relative for loss of income from work shall be reduced by amounts paid or payable under a valid and collectible: individual, blanket, group accident or disability insurance, salary or wage continuation plan.

c. Expense for Services Benefits shall not exceed $20 per day during the life of the insured person and within three years of the date of the accident.

d. (i) Survivors' Loss Benefits shall include payment for loss which occurs after the death of the insured person and within three years of the date of the accident;

(ii) After the application of the above limits, the combined total amount payable in any 30-day period for Survivors' Loss shall not exceed the maximum amount established under the Code.

e. Governmental Benefits Set Off. From the benefits otherwise payable under this coverage, we will subtract benefits provided or required to be provided under any Workers' Compensation Law, disability benefits law of a similar nature or any other state or federal law. It is the obligation of the insured person to apply for and reasonably pursue any benefits provided or required to be provided by the above laws.

f. Deductible. Amounts payable under Personal Protection Insurance shall be reduced by any deductible stated on the Declaration Certificate. The deductible applies only to you or your resident relatives and shall not exceed the deductible amount shown on the Declaration Certificate for either Medical Benefits or Work Loss Benefits, whichever is higher. However, if the Declaration Certificate also states Coordinated Medical Benefits or Coordinated Work Loss Benefits, any amount paid or payable as Medical Benefits or Work Loss Benefits by any source other than us, shall be credited toward satisfying the deductible.

2. PROPERTY PROTECTION INSURANCE. Regardless of vehicles insured or policies held, our limit under this coverage for all property damage from one accident is $1,000,000. Payment is limited to the lesser of reasonable repair costs or replacement costs less depreciation and, where applicable, the value of loss of use.

OTHER INSURANCE

1. PERSONAL PROTECTION INSURANCE

a. An insured person shall recover under all applicable policies no more than the amount payable under the policy providing the highest dollar limit.

b. If the accident causing injury occurs outside Michigan, this insurance shall be excess over that provided under any automobile or health insurance laws of any other state.

c. Under no circumstances may an insured person recover:

(1) duplicate similar benefits required by any law for the same expenses or loss; or

(2) more than the monthly benefits payable under the Code, except for any Additional Work Loss amount to which an insured person is otherwise entitled under this policy.

d. An insured person, occupying a motorcycle, who sustains bodily injury in an accident involving a motor vehicle shall claim benefits from insurers in the following order of priority:

## PART II - MICHIGAN NO-FAULT COVERAGES (Continued)

(1) the insurer of the owner or registrant of the motor vehicle involved in the accident;
(2) the insurer of the operator of the motor vehicle involved in the accident;
(3) the motor vehicle insurer of the operator of the motorcycle involved in the accident;
(4) the motor vehicle insurer of the owner or registrant of the motorcycle involved in the accident.

2. **PERSONAL PROTECTION INSURANCE AND PROPERTY PROTECTION INSURANCE**

   a. When two or more insurers are in the same order of priority, an insurer paying benefits is entitled to partial payment from the other insurer(s) including a reasonable amount of expenses.
   b. When we are in the same order of priority with other insurer(s), our obligation to:

   (1) pay benefits, or
   (2) make reimbursement to other insurer(s),

   shall be prorated on the basis of the number of insurers in the same order of priority rather than the number of policies in the same order of priority.

### REIMBURSEMENT AND TRUST AGREEMENT

1. In the event of payment to any person under this Part:

   a. we shall be entitled (to the extent of that payment) to the proceeds of any settlement or judgment from the exercise of any right of recovery of that person against any person or organization legally responsible for the bodily injury or property damage. We shall have a lien to the extent of our payment;

   b. that person shall:

   (1) hold in trust for our benefit all rights of recovery,
   (2) do nothing after loss to prejudice any rights of recovery,

(3) execute and deliver to us any papers necessary to secure the rights and obligations as established by this provision.

### ARBITRATION

1. If we do not agree with the insured person(s) that they are entitled to receive:

   a. Medical Benefits (Allowable Expenses);
   b. Work Loss Benefits;
   c. Expense for Services Benefits; or
   d. Survivors' Loss Benefits;

   then the insured person(s) and we may agree in writing that the issues, excluding matters of coverage, be determined by arbitration.

2. If arbitration occurs, we and the insured person(s) will each select an arbitrator. The two arbitrators will select a third. If they cannot agree upon the third arbitrator within 30 days, they may petition the Circuit Court for appointment of the third.

3. The insured person(s) will pay their arbitrator. We will pay ours. The expenses of the third arbitrator and other expenses will be shared equally. Attorney fees and fees paid to medical or other expert witnesses are to be borne by the party which incurs them.

4. Unless it is agreed otherwise, arbitration shall be conducted in the county in which the insured person resides. It will be in accordance with the usual rules governing procedure and admission of evidence in courts of law.

5. The arbitrators shall hear and determine the issues in dispute. The decision in writing of any two will be binding. Judgment upon the award rendered by the arbitrators may be entered in the Circuit Court in the county in which the arbitration was held.

6. All rights, remedies, obligations and limitations of the Code will apply.

## PART III - DEATH INDEMNITY COVERAGE
### Coverage from this Part applies only if listed as Included on the Declaration Certificate.

THE DEFINITIONS FOUND ON PAGE 3 APPLY TO THIS PART AND, IN ADDITION, FOR THIS PART:

1. Insured Person(s) means:

   a. the principal driver of a specific vehicle who is named in Item 2 on the Declaration Certificate,
   b. the spouse of that person named in Item 2.

### INSURING AGREEMENT

Subject to the Definitions, Exclusions, Conditions and Limit of Liability that applies to this Part, we will pay $10,000 upon death of an insured person caused by accident while occupying or through being struck by a motor vehicle. The death must result directly from the accident and independently of all other causes. It must occur within 90 days of the accident or within one year during a period of continuous total disability. Continuous total disability must result directly from the accident and independently of any other cause. It must begin within 20 days of the accident and prevent the insured person from working. Payment will be made to the: (1) surviving spouse; or (2) parents of an unmarried minor resident relative; or (3) estate. We may require an autopsy where it is not forbidden by law.

## PART III - DEATH INDEMNITY COVERAGE (Continued)

**EXCLUSIONS**

**DEATH NOT COVERED**

1. We will not pay for death that occurs:

   a. while the insured person is engaged in the course of his/her employment:

      (i) in the car business, or
      (ii) in the business of transporting passengers by motor vehicle, or
      (iii) in duties incident to commercially licensed motor vehicles. This exclusion does not apply if the commercially licensed motor vehicle is described on the Declaration Certificate;

   b. from disease other than infection caused by bodily injury;
   c. due to suicide or war;
   d. while not occupying a motor vehicle and being struck by, or while occupying:

      (i) a vehicle used as a residence or premises, or
      (ii) a vehicle, whether the accident occurs on or off the highway, which is:

         (a) a snowmobile, or
         (b) operated on rails or crawler treads, or
         (c) a farm-type tractor, or
         (d) equipment designed for use principally off the highway;

   e. due to radioactive contamination.

## PART IV - UNINSURED/UNDERINSURED MOTORISTS COVERAGE
### Coverage from this Part applies only if a premium is listed for it on the Declaration Certificate.

THE DEFINITIONS FOUND ON PAGE 3 APPLY TO THIS PART AND, IN ADDITION, FOR THIS PART:

1. Insured Person(s) means:

   a. you, if an individual, and a resident relative;
   b. any other person occupying your car.

   Person(s) using a car without reasonably believing that the use is with the permission of someone having the right to grant it are not insured person(s).

2. Motor Vehicle means a land motor vehicle or trailer, requiring vehicle registration, but does not mean:

   a. a vehicle used as a residence or premises;
   b. a vehicle, whether the accident occurs on or off the highway, which is:

      (1) a snowmobile, or
      (2) operated on rails or crawler treads, or
      (3) a farm-type tractor, or
      (4) equipment designed for use principally off the highway.

3. Uninsured Motor Vehicle means a motor vehicle which is:

   a. not insured by an owner's or operator's bodily injury liability bond or policy that is applicable at the time of the accident;
   b. a hit-and-run motor vehicle of which the operator and owner are unknown and which makes direct physical contact with:

      (1) you or a resident relative, or
      (2) a motor vehicle which an insured person is occupying;

   c. insured by a bodily injury liability bond or policy at the time of the accident issued by a company that is or becomes insolvent;
   d. insured by a bodily injury liability bond or policy which provides less than the minimum limits required by the Financial Responsibility Law of the state of Michigan.

4. Underinsured Motor Vehicle means:

   a motor vehicle whose ownership, maintenance or use has resulted in bodily injury of an insured person and for which the sum of the Limits of Liability under all bodily injury liability insurance policies, bonds or other security required to be maintained under law applicable to the driver or to the person or organization legally responsible for such vehicle and applicable to the vehicle is less than the limits of Uninsured/Underinsured Motorists Coverage provided the insured person at the time of the accident.

5. Uninsured Motor Vehicle and Underinsured Motor Vehicle does not include any motor vehicle which is:

   a. owned by you or any resident of your household. However, if that motor vehicle is your car, we will cover you and resident relatives;
   b. furnished or available for the frequent or regular use of you or any resident of your household;
   c. owned or operated by a self-insurer under any applicable motor vehicle law;
   d. owned by any governmental unit or agency.

6. Underinsured Motor Vehicle does not include an Uninsured Motor Vehicle.

**INSURING AGREEMENT**

1. Subject to the Definitions, Exclusions, Conditions and Limits of Liability of this policy, we will pay damages for bodily injury to an insured person which:

   a. is caused by accident; and
   b. arises out of the ownership, operation, maintenance or use of an uninsured motor vehicle or underinsured motor vehicle; and
   c. that insured person suffers death, serious impairment of body function or permanent serious disfigurement; and
   d. that insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle.

## PART IV - UNINSURED/UNDERINSURED MOTORISTS COVERAGE (Continued)

2. We will pay under this Part only after the Limits of Liability under all applicable bodily injury liability bonds and policies have been exhausted by payment of judgments or settlements.

3. We will not be bound by the acts of the insured person or anyone acting on his or her behalf in obtaining a legal judgment or entering into a settlement agreement or by any other means, that prejudices our ability to contest by arbitration or trial in accordance with the provisions of this policy:

    a. whether an insured person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle, or an underinsured motor vehicle, or

    b. the amount of damages to which an insured person is legally entitled.

4. The insured person may not settle with anyone responsible for the accident without our written consent. We shall be obligated to respond within thirty (30) days of receiving an insured person's written request to settle. If we fail to respond within the 30-day period, the consent provision shall be waived.

EXCLUSIONS

1. This coverage does not apply to bodily injury sustained by an insured person:

    a. while occupying a motor vehicle which is owned by you or a resident relative unless that motor vehicle is your car;

    b. while occupying a motor vehicle which provides the same or similar coverage for you or a resident relative. However, this exclusion will not apply to the extent that the Limit of Liability of this coverage is greater in amount than the Limit of Liability of that same or similar coverage;

    c. through being struck by any vehicle other than a motor vehicle;

    d. while occupying a motor vehicle furnished by an insured person's employer and operated in the course of that insured person's employment unless the motor vehicle is your car;

    e. if that insured person or their legal representative settles or prosecutes to judgment their bodily injury claim with the owner, operator or other person or organization legally responsible for an uninsured motor vehicle or underinsured motor vehicle without our written consent. This exclusion does not apply if the insured person makes a written request for our consent, and we fail to respond within 30 days of receipt of the written request.

    f. while occupying your car when it is being used to carry persons for a fee. This exclusion does not apply to a share-the-expense car pool or to the use of the insured car for volunteer or charitable purposes or for which reimbursement for normal operating expenses is received.

    g. using a vehicle without a reasonable belief that the insured person is entitled, legally or otherwise, to do so.

    h. arising out of the participation in any prearranged, organized or spontaneous racing or speed contest or use of a track or course designed or used for racing or high performance driving.

2. This coverage shall not apply to the benefit of any insurer or self-insurer under any Workers' Compensation or disability benefits law, or law providing for direct benefits without regard to fault, or any similar law.

3. This coverage does not apply to punitive damages, exemplary damages, or statutorily imposed treble or multiplied damages.

LIMITS OF LIABILITY

1. The Limits of Liability shown on the Declaration Certificate apply as follows:

    a. The Limit of Liability for each person is the maximum Limit of Liability for all damages due to bodily injury to any insured person in any one accident including any claim of other persons for damages for care and loss of services and society, wrongful death and survivor actions and derivative damages arising out of bodily injury.

    b. Subject to this limit for each person, the Limit of Liability for each accident is the maximum Limit of Liability for all damages due to bodily injury resulting from any one accident including any claims of other persons for damages for care and loss of services and society, wrongful death and survivor actions and derivative damages arising out of the bodily injury.

2. This is the most we will pay regardless of the number of insured persons, claims made, vehicles or premiums shown on the Declaration Certificate or vehicles involved in the accident. No one will be entitled to duplicate payments for the same element of loss under this Part.

3. If the damages are caused by an underinsured motor vehicle, the most we will pay will be the lesser of:

    a. the difference between the Limits of Liability of this coverage and the sum of the Limits of Liability under all bodily injury liability insurance policies, bonds or other security required to be maintained under law applicable to the driver or to the person or organization legally responsible for the underinsured motor vehicle and applicable to the underinsured motor vehicle; or

    b. the difference between the amount of the insured person's damages for bodily injury and the sum of the Limits of Liability under all bodily injury liability insurance policies, bonds or other security required to be maintained under law applicable to the driver or to the person or organization legally responsible for the underinsured motor vehicle and applicable to the underinsured motor vehicle.

## PART IV – UNINSURED/UNDERINSURED MOTORISTS COVERAGE (Continued)

4. Any amount payable will be reduced by:

   a. any amount paid or payable by or on behalf of the owner or operator of the uninsured motor vehicle or organization which may be legally liable;

   b. any amount paid or payable under the Liability Insurance Coverage of this or any other policy;

   c. any amount paid or payable under the Medical Payments Coverage of any policy.

   A reduction under b. and c. above does not apply unless the amounts paid under Liability Insurance Coverage and Medical Payments Coverage cover the same elements of loss for which the insured person would receive Uninsured/Underinsured Motorists benefits.

5. Any amount payable for economic loss will be excess over payment made or amount payable under any Workers' Compensation or disability benefits law, the Code or other law providing for direct benefits without regard to fault, or similar law.

### OTHER INSURANCE

If there is other Uninsured/Underinsured Motorists Coverage with us or any other insurer for a loss covered by this Part, we will only be liable to pay for the damages recoverable in the same proportion that the applicable Limit of Liability of this coverage bears to the sum of all the applicable Limits of Liability that cover the loss. However, we will not be liable under this coverage to pay more than our proportionate share, as determined in the manner provided for in the previous sentence, of an amount equal to the highest Limit of Liability that is applicable to the loss.

### ARBITRATION

1. If we and an insured person do not agree:

   a. whether that person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or an underinsured motor vehicle; or

   b. as to the amount of damages;

   either party must demand, in writing, that the issues, excluding matters of coverage, be arbitrated.

2. A demand for arbitration must be filed within 3 years from the date of the accident or we will not pay damages under this Part. Unless otherwise agreed by express written consent of both parties, disagreements concerning insurance coverage, insurance afforded by the coverage, or whether or not a motor vehicle is an uninsured motor vehicle or an underinsured motor vehicle are not subject to arbitration. Any suit or action against us must be filed within 3 years from the date of the accident.

3. If arbitration occurs, each party will select an arbitrator. The two arbitrators will select a third. If such arbitrators are not selected within 30 days, either party may petition the Circuit Court for appointment of the third. Each party will:

   a. pay the expenses it incurs, including the expenses of its chosen arbitrator; and

   b. bear the expenses of the third arbitrator equally, regardless of the arbitrators' decision.

4. Unless both parties agree otherwise, arbitration will take place in the county and state in which the insured person resides. Arbitration will be subject to the usual rules of procedures and evidence in such county and state.

5. For damages caused by an uninsured motor vehicle, the decision agreed to in writing by two of the arbitrators will be binding and judgment upon the decision rendered by the arbitrators may be entered in the Circuit Court in the county in which the arbitration was held.

6. For damages caused by an underinsured motor vehicle,

   a. the decision agreed to in writing by two of the arbitrators will be binding if the amount of damages determined by the arbitrators does not exceed $50,000 for bodily injury to any one person or $100,000 for bodily injury to two or more persons in any one motor vehicle accident. Judgment upon the award rendered by the arbitrators may be entered in the Circuit Court in the county in which the arbitration was held.

   b. If the amount exceeds $50,000 for bodily injury to any one person or $100,000 for bodily injury to two or more persons, the decision of the arbitrators will not be binding and either party may demand the right to a trial, unless the parties agree otherwise by prior written agreement. Trial shall be on all issues of the arbitrators' decision. This demand must be made within 60 days of the arbitrators' decision and suit filed in the court of proper jurisdiction within 120 days of the arbitrators' decision. If this demand is not timely made or if suit is not timely filed, the decision of the arbitrators will be binding. Judgment upon the award rendered by the arbitrators may be entered in the Circuit Court in the county in which the arbitration was held.

Car Insurance Policy – Michigan

6500-1207-0110
Eff. 1-1-10

# PART V - CAR DAMAGE COVERAGES

A Coverage from this Part applies only if a premium is listed for it on the Declaration Certificate.

THE DEFINITIONS FOUND ON PAGE 3 APPLY TO THIS PART AND, IN ADDITION, FOR THIS PART:

1. Insured Person(s) means:

   a. For use of your car:

      (1) you and any resident relative,
      (2) any other person, other than a carrier or bailee for hire, using it with your permission;

   b. For use of other cars used with the permission of a person having the right to grant it and if your car is a private passenger car:

      (1) you, if an individual,
      (2) any resident relative who does not own a private passenger car.

2. Collision means, when operated by or in the care of an insured person, impact of the insured car with another object or upset of the insured car. Loss caused by missiles, falling objects, fire, theft or larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion, colliding with a live bird or animal, operation of car wash equipment or breakage of glass is not deemed loss by collision. If breakage of glass occurs together with other loss due to a collision, you may elect to have it treated as loss caused by collision.

3. Loss means direct and accidental physical damage to or theft of the insured car, including its equipment and extra equipment. Loss does not include consequential damages such as diminished value of the insured car.

   However, for a temporary substitute or an other car that you rent from an agency or company on a daily or weekly basis, loss does include:

   a. loss of use; and
   b. up to $250 for administrative or other fees

   resulting from a covered loss.

4. Equipment means standard car equipment. Equipment includes extra or ornamental items permanently attached to the insured car. It also includes, while in the car, two tapes or two discs or two cassettes or two records used with a device for the recording or reproduction of sound.

5. Permanently Attached means attached in such a way as to require the use of hand tools to remove.

6. Substantially at Fault means a person's action or inaction was more than 50% of the cause of the accident.

7. Extra Equipment means parts, equipment or devices including custom, ornamental or electronic items which are:

   a. permanently attached to the insured car; and
   b. not installed by or available from the original manufacturer of the insured car for that make, model and model year.

8. Betterment means increasing the value of a vehicle, its parts, equipment or extra equipment because of improvements beyond repair.

9. Depreciation means diminishment or reduction in value of a vehicle, its parts, equipment or extra equipment because of age, use or condition.

10. Your Pet means any dog or cat owned by you or a resident relative.

## COMPREHENSIVE COVERAGE

1. Subject to the Definitions, Exclusions, Conditions and Limits of Liability that apply to this Part, we will pay for loss, other than by collision, to the insured car, when operated by or in the care of an insured person. This is less any deductible amount shown on the Declaration Certificate.

2. If there is a total theft of your car, and it is a private passenger car, we will pay up to $20 per day, but no more than $600, for the cost incurred by the named insured for transportation provided by an entity engaged in the transportation business. Payment begins 24 hours after the theft has been reported to us and a law enforcement agency and ends when your car is returned to use or when we offer or pay the loss, whichever is earliest. The amount to be paid for the cost of transportation is in addition to the Limit of Liability for the direct loss to your car. In no event will payment for the cost of transportation covered hereunder exceed either the actual cash value of your car or the amount incurred, whichever is less.

## LIMITED COLLISION COVERAGE

Subject to the Definitions, Exclusions, Conditions and Limits of Liability that apply to this Part, we will pay for loss caused by collision to the insured car when operated by or in the care of an insured person who is not substantially at fault in the accident from which the damage arose. This is less any deductible amount shown on the Declaration Certificate.

## PART V - CAR DAMAGE COVERAGES (Continued)

### BASIC COLLISION COVERAGE

Subject to the Definitions, Exclusions, Conditions and Limits of Liability that apply to this Part, we will pay for loss caused by collision to the insured car when operated by or in the care of an insured person. This is less the deductible amount shown on the Declaration Certificate.

### BROAD COLLISION COVERAGE

Subject to the Definitions, Exclusions, Conditions and Limits of Liability that apply to this Part, we will pay for loss caused by collision to the insured car when operated by or in the care of an insured person. This is less the deductible amount shown on the Declaration Certificate. You will not have to pay the deductible if the insured car:

a. is a private passenger car and, in a collision, it makes physical contact with another car insured separately on the Declaration Certificate of this policy or another policy issued by the Auto Club Group as the described vehicle or a temporary substitute or replacement for it; or

b. is in a collision and the insured person operating the insured car is not substantially at fault in the accident from which the damage arose.

### CAR RENTAL COVERAGE

1. Subject to the Definitions, Exclusions, Conditions and Limits of Liability that apply to this Part, we will pay up to the daily limit shown on the Declaration Certificate for rental by the named insured of a temporary substitute for a period of up to 30 days. This applies when your car (if a private passenger car) is withdrawn from service for more than 24 hours because of loss, other than by total theft, covered under this Part and: if Car Rental Coverage is in effect at the time of that loss; and the amount of the loss exceeds the deductible.

2. If the named insured is entitled to coverage for a loss by total theft of your car, the per day amount provided under Comprehensive Coverage for the cost of transportation covered thereunder will be that shown on the Declaration Certificate for Car Rental Coverage. Coverage will begin 24 hours after the total theft has been reported to us and a law enforcement agency, and will continue for a total time period of up to 60 days.

3. Payment stops when the earliest of the following occur:

   a. your car has been replaced, repaired if damaged, or returned to the named insured if undamaged; or

   b. settlement for the total loss of your car has been made or offered; or

   c. the limits of this coverage have been exhausted.

4. In no event will payment under this coverage exceed either the:

   a. actual cash value of your car; or
   b. the amount incurred for car rental;

   whichever is less.

### EXTRA EQUIPMENT COVERAGE  (This coverage may only be purchased if you have Comprehensive Coverage. However, it insures against any loss otherwise covered under the terms of both Comprehensive and Collision Coverages.)

1. Subject to the Definitions, Exclusions, Conditions and Limits of Liability that apply to this Part, we will pay for loss to extra equipment in excess of $1,000 if a limit is shown for this coverage on the Declaration Certificate.

2. In no event will payment under this coverage exceed either:

   a. the actual cash value of your car, including its extra equipment; or
   b. $1,000 plus the limit shown on the Declaration Certificate.

### DEDUCTIBLE

If loss to property covered by this Part occurs together with loss to property covered by another policy issued by us to you or a resident relative, only the highest applicable deductible from one policy will be charged.

### SUPPLEMENTARY PAYMENTS

#### Pet Injury Protection

1. We will pay up to $500 if your pet sustains injury or death as a result of loss caused by collision to the insured car and at the time of the accident:

   a. Limited, Basic or Broad Collision Coverage applies to a private passenger car insured under this policy; and
   b. your pet is inside the insured car.

2. If as a result of a covered accident:

   a. your pet is injured, we will pay for reasonable and customary costs incurred by you or a resident relative for veterinary fees including medications and procedures prescribed by your pet's veterinarian for treatment of such covered injuries;
   b. your pet dies, we will pay the cost to replace the deceased dog or cat with one of like kind and quality.

3. In any event, the most we will pay as a result of any one accident is a total of $500 regardless of the number of dogs or cats that are injured or die in the accident.

#### Child Restraint System Replacement

We will pay the cost for replacement of child restraint systems damaged during a covered loss.

No deductible shall apply under Supplementary Payments.

## PART V – CAR DAMAGE COVERAGES (Continued)

### EXCLUSIONS

1. We will not pay for loss:

   a. to an other car while used in the car business;

   b. to an insured car while used to carry persons for a fee. This exclusion does not apply to a share-the-expense car pool or to the use of the insured car for volunteer or charitable purposes or for which reimbursement for normal operating expenses is received;

   c. to an insured car while it is subject to any rental, lease, sale or consignment agreement not shown on the Declaration Certificate or any other endorsement issued by us;

   d. caused by war or nuclear contamination, or any consequence of them;

   e. to tires, unless stolen, damaged by fire or vandalism or the damage happens along with other covered loss to the insured car;

   f. limited to wear and tear, freezing, mechanical or electrical breakdown or failure unless the damage results from the total theft of the insured car;

   g. to an office, store, display or passenger trailer that is not described on the Declaration Certificate;

   h. to a house trailer owned by an insured person that is not described on the Declaration Certificate;

   i. in excess of $1,000 to any other type trailer or camper unit body, owned by an insured person, that is not described on the Declaration Certificate;

   j. to an other car or a temporary substitute when the insured person is not covered by any other insurance that applies unless the insured person is legally obligated to pay for the loss;

   k. to any radar detection device;

   l. in excess of $1,000 to extra equipment permanently attached to an insured car unless:

      (1) Extra Equipment Coverage has been purchased; or

      (2) the rating symbol and the premium for your car have been increased to reflect the value of the extra equipment.

   m. to an insured car operated by you while fleeing or eluding or attempting to flee or elude a police officer;

   n. to an insured car arising out of the participation in any prearranged, organized or spontaneous racing contest or speed contest or use of a vehicle at a track or course designed or used for racing or high performance driving;

   o. resulting from seizure or confiscation of an insured car by, or surrender of an insured car to, any:

      (1) legally constituted authority; or

      (2) lienholder, subrogee, assignee, or person with a superior right of ownership or possession

      If upon acquisition of the car an insured person knew or should have known that the car had likely been stolen or wrongfully taken away from its rightful owner or possessor;

   p. due to destruction or confiscation by governmental or civil authorities because you or any resident relative engaged in illegal activities or failed to comply with Environmental Protection Agency or Department of Transportation standards.

   q. arising out of neglect. Neglect means your failure to adequately maintain an insured car.

      With respect to loss caused by water under Comprehensive Coverage, there is no coverage for loss caused by:

      (1) moisture, condensation, humidity or vapor; or
      (2) water intrusion around or through panels, surfaces and seals; or
      (3) water that collects in spaces or ventilation systems; or
      (4) fungi, dry rot or bacteria

      all of which result from neglect.

### LIMITS OF LIABILITY

1. Our Limit of Liability for loss shall not exceed the lesser of:

   a. the actual cash value at the time of loss of the stolen or damaged property. Actual cash value includes deduction for depreciation; or

   b. the amount necessary to repair or replace the stolen or damaged property; or

   c. any applicable Limit of Liability shown on the Declaration Certificate.

2. Actual cash value is determined by the market value, age and condition at the time the loss occurred. If the repair or replacement of the vehicle results in betterment, you must pay for the amount of the betterment. If there is depreciation, then that amount shall be deducted from the cost of repair or replacement.

3. The cost of repair or replacement is based upon one of the following:

   a. The cost of repair or replacement agreed upon by you and us; or

   b. A competitive bid approved by us; or

   c. A written estimate that uses the prevailing competitive price. The prevailing competitive price means the price charged by a majority of the repair market in the area where the car is to be repaired as determined by a survey made by us. If you ask, we will identify some facilities that will perform the repairs at the prevailing competitive price. You agree with us that repair may include parts furnished by non-original equipment manufacturers. If you request parts that cost more than those in the estimate, we may require you to pay the difference.

4. At our option, we will replace your car with a new one of like make, model and year or pay you the amount of your original purchase price if:

   a. your car is a private passenger car; and

   b. you purchased it new; and

   c. we determine it to be a total loss; and

   d. the loss occurs within 90 days of the purchase date.

We shall not be liable for the diminished value of an insured car as a result of any covered loss.

### NO BENEFIT TO BAILEE

This coverage shall not directly or indirectly benefit any carrier or other bailee for hire liable for loss to the insured car.

## PART V - CAR DAMAGE COVERAGES (Continued)

OTHER INSURANCE

If there is other insurance for a loss covered by this Part, we will pay:

a) the ratio of our Limit of Liability to the total applicable limit; or

b) for damage not recovered under the provisions for Property Protection Insurance described in the Code if the insured car is damaged by collision while parked so as not to cause unreasonable risk. We will have recovery rights under Condition 5.

Insurance afforded under this Part for loss to a car not described on the Declaration Certificate is excess over any other insurance.

DEFENSE

If suit is brought against any insured person for damage to the property of another for a loss which would be covered under this Part, we will provide the same defense and Additional Payments as is provided by the Liability Insurance Coverage Part of this policy.

APPRAISAL AND ARBITRATION

1. If there is a disagreement as to the amount of the loss, either you or we may demand appraisal of the loss within 60 days after proof.

2. If there is disagreement as to whether the operator of your car is substantially at fault, you or we may demand in writing that the matter be settled by arbitration. Disagreements concerning insurance coverage or the insurance afforded by this coverage are not subject to arbitration except by express written consent of both parties.

3. Unless it is agreed otherwise, appraisal or arbitration shall be conducted in the county in which the insured person resides.

4. In either appraisal or arbitration, you and we will each appoint and pay a competent and disinterested person. The appointed persons or a judge of a court having jurisdiction will appoint an umpire to decide any differences. Decisions of each appointed person will be stated separately. A decision in writing by any two will be binding. You and we will equally share the other expenses including the cost of the umpire.

PAYMENT OF LOSS

We may pay the named insured and lienholder as interests may appear for the loss in money, or by repairing or replacing the damaged or stolen property. We may, at any time before the loss is paid or the property is replaced, return at our expense any stolen property either to the named insured or to the address shown on the Declaration Certificate. We may keep all or part of the property at the agreed or appraised value. The property may not be abandoned to us. If the insured car is stolen, payment will not be made before 30 days from the time notice of the theft has been given to us and the vehicle has not been recovered.

## GENERAL POLICY CONDITIONS APPLYING TO ALL PARTS OF THIS POLICY
### THE DEFINITIONS FOUND ON PAGE 3 APPLY TO THESE CONDITIONS.

1. POLICY TERM, TERRITORY, USE
   This policy applies only to occurrences, accidents and losses which happen during the Policy Term shown on the Declaration Certificate and within the policy territory. The policy territory includes the states and between their ports; Property Protection Insurance applies only in the state of Michigan. The insured car must be used for the purpose stated in the application for this policy.

2. CONFORMITY WITH STATUTES
   If the law of any state requires a non-resident to maintain car insurance greater than the insurance provided by this policy, our limits and the coverage afforded shall be as set forth in that law while the insured car is used in that state.

3. TWO OR MORE CARS
   If more than one car is insured under this policy, the terms apply separately to each. A car with a trailer attached is considered:

   a. one car as respects Limits of Liability in Part I, and

   b. separate cars in Part V. However, only one deductible will apply.

4. NO DUPLICATION OR PYRAMIDING
   Under no circumstances will we be required to pyramid or duplicate any types, amounts or limits of motor vehicle coverages available from us or any other insurance company.

5. OUR RECOVERY RIGHTS
   In the event of any payment under this policy, we are entitled to all rights of recovery of the insured person against any other person or organization. Any person receiving payment under this policy shall hold in trust and/or reimburse us to the extent of our payment from the proceeds of any recovery. The insured person must help us exercise our rights. The insured person shall do nothing to prejudice our rights.

6. TRANSFER OF THE POLICY
   This policy may not be transferred without our written consent. If the named insured dies, this policy shall provide protection until the end of the policy term for:

   a. the surviving spouse and resident relatives, and

   b. the personal representative while using your car.

Car Insurance Policy – Michigan          6500-1207-0110
                                                                         Eff. 1-1-10

## GENERAL POLICY CONDITIONS APPLYING TO ALL PARTS OF THIS POLICY (Continued)

**7.   SUIT AGAINST US**
We may not be sued unless there is full compliance with all terms of this policy.

We may not be sued under the Liability Coverages:

(a)   unless we agree an insured person is required to pay and we disagree on the amount of payment; or

(b)   until the amount of payment has been finally determined following completion of judicial proceedings applicable to the loss.

Unless we consent, no one may make us a party to a suit to determine the liability of an insured person. This requirement does not apply if we have not responded to a written demand for payment within a reasonable period of time following receipt of the written demand so as to enable us to investigate the facts and circumstances of the loss.

We may not be sued under Personal Protection Insurance unless the action is begun within one year from the date of the accident. If written notice has been given or a payment was made within one year of the accident, the action may be commenced within one year after the most recent expense has been incurred. An insured person may not recover benefits for loss incurred more than one year before the date the action was begun.

An action for Property Protection Insurance benefits shall not be commenced later than one year after the accident.

**8.   BANKRUPTCY**
We are not relieved of any obligation under this policy because of the bankruptcy or insolvency of any insured person.

**9.   EXCLUDED DRIVER**
*Warning*-When a named excluded person operates a vehicle, all liability coverage is void - no one is insured. Owners of the vehicle and others legally responsible for the acts of the named excluded person remain fully personally liable.

If a vehicle is being operated by an individual named on the Declaration Certificate as an Excluded Driver, insurance under this policy is null and void for Bodily Injury and Property Damage Liability Coverage, Uninsured/Underinsured Motorists Coverage, Comprehensive Coverage, Collision Coverage, Car Rental Coverage and Extra Equipment Coverage.

**10.   CANCELLATION**
This entire policy may be cancelled upon request of the principal named insured.

Coverage under this policy for a car described on the Declaration Certificate and identified by a vehicle reference number may be cancelled upon request of the named insured if an owner of that car, or the principal named insured. We will keep or collect our pro rata share of the premium for the period that the policy or coverage has been in effect. We will refund to the principal named insured any pro rata excess of premium for unexpired time.

Coverage under this policy for any car identified on the Declaration Certificate or the entire policy may be cancelled by us. We will mail or deliver 10 days written notice of cancellation to the principal named insured. This will be sent to his/her address last known to us or our authorized agent. Any unused premium will be returned to the principal named insured prorated for the unexpired time. We may collect any premium due to us prorated for the entire time the policy was effective. We will mail or deliver 30 days written notice of cancellation for reasons other than failure to pay the premium when due or failure to present a car for inspection by us at our request.

If you have elected to use our Scheduled Payment Program, failure to pay any installment when due will result in cancellation. If the policy is reinstated, there shall be no coverage during the period of time between the date the policy expired and the date of such reinstatement. A check which is not honored for any reason will not constitute payment, and will not continue coverage beyond any date when such coverage will otherwise terminate for lack of payment.

Cancellation will not affect any claim that originated prior to the date of cancellation.

**11.   CANCELLATION BY US, LIMITED**
After coverage under this policy for a car identified on the Declaration Certificate has been effective for a period of 55 days; or if this policy is designated as a renewal on the Declaration Certificate and that car had been insured by us for 55 days immediately preceding the renewal date; we shall issue a notice of cancellation when:

a.   the principal named insured or a person on his/her behalf fails to pay any premium or installment when due; or

b.   you, a resident of your household, or whoever customarily operates an insured car, has had his/her driver's license suspended or revoked during the policy term and the suspension or revocation has become final.

**12.   NONRENEWAL**
We may decline to renew this policy. If we do, we will mail notice of nonrenewal to the principal named insured at the address last known to us at least 30 days before the end of the policy term.

If we offer to renew this policy, and the principal named insured declines, this policy will automatically terminate at the end of the current policy term. Failure to pay the required renewal premium means that our offer to renew has been declined. A check which is not honored for any reason will not constitute payment, and will not continue coverage beyond any date when such coverage will otherwise terminate for lack of payment.

## GENERAL POLICY CONDITIONS APPLYING TO ALL PARTS OF THIS POLICY (Continued)

13. **CHANGES**

This policy form, the Declaration Certificate and any endorsements include all agreements between the principal named insured and us. No change or waiver may be effected in this policy except by endorsement issued by us. If a premium adjustment is necessary, we will make it as of the effective date of the change. Coverage for changes will not apply prior to the date and time shown on file with us. When we broaden any of your coverage during the policy term without charge, the policy will automatically provide the broadened coverage.

14. **CHANGE OF ADDRESS OR RATING CONDITIONS**

If the information used to develop the policy premium changes, we may adjust your premium during the policy term. The principal named insured must inform us within 30 days of any changes related to the following:

a. your address;
b. where your car is principally garaged;
c. your car or how it is used, including driving distance to work or annual mileage;
d. the operators who regularly drive your car, including newly licensed family members;
e. the ownership or registration of your car.

If you fail to inform us of these changes within 30 days, we may void coverage as provided under Condition 20 - CONCEALMENT OR FRAUD.

If we adjust your premium during the policy term as a result of these or other changes in rating conditions, a refund or credit will be issued if the premium is decreased. A billing notice for the additional amount due will be sent if the premium is increased.

15. **EFFECTIVE TIME**

The policy term begins and ends at 12:01 A.M. on the date on the Declaration Certificate at the place where this policy has been signed. A policy term specified as beginning March 1 shall first take effect February 29 if so requested and on file with us. Coverage shall not be provided for any loss occurring prior to the effective date and time shown on file with us.

16. **DECLARATIONS**

By accepting this policy the principal named insured agrees that:

a. the statements on the Declaration Certificate and in the application for this policy are his/her own; and
b. this policy is issued in reliance upon the truth of those representations; and
c. this policy form, the Declaration Certificate and any endorsements include all agreements existing between the principal named insured and us or any of our agents relating to this insurance.

17. **ADDITIONAL CAR OPTION**

We grant an option to the principal named insured to purchase insurance under this policy for an additional car effective on the date of its acquisition. To exercise this option, the principal named insured must designate to us one of the cars described on the Declaration Certificate and the insurance provided for that car to serve as the basis for the selection of coverages and Limits of Liability for the additional car insurance. The principal named insured may not select coverages or limits in excess of those effective for the designated car. Exercise of this option must be made within 30 days of the acquisition of the additional car. The election to exercise this option must be made under this and no other policy. Coverage issued under this option shall be excess over any other valid and collectible insurance.

18. **PREMIUM**

Premium deposit or payment shall be calculated on the basis of rating conditions existing at the beginning of each policy term, except as provided in Conditions 13 and 14. The calculated premiums shall conform to approved rates and rules then on file with the state of Michigan.

The premium deposit or payment must properly conform to that which should have been charged. We and the principal named insured agree to make any necessary adjustments in the premium deposit or payment during the term of the policy or the twelve months succeeding.

19. **CONSTITUTIONALITY**

If an appellate court of Michigan or the United States enters an unappealed judgment which declares the Code invalid, unenforceable or unconstitutional, in whole or in part, we may change these coverages and refigure future rates, subject to approval by the Michigan Insurance Commissioner. We will notify you at least 10 days before these changes are made.

## GENERAL POLICY CONDITIONS APPLYING TO ALL PARTS OF THIS POLICY (Continued)

20. **CONCEALMENT OR FRAUD**

We may void the terms of the policy applying to an insured car if an insured person has concealed or misrepresented any material fact or circumstance relating to:

a. this insurance; or
b. declarations made in applying for, changing or renewing coverage, as provided under Condition 16-DECLARATIONS.

We do not provide coverage for any insured person if an insured person has concealed or misrepresented any material fact or circumstance relating to this insurance or any claim for which coverage is sought under this policy.

21. **TRANSFER OF TITLE**

If the title of a car described on the Declaration Certificate and identified by a specific vehicle reference number is transferred to a person other than you or a resident relative, this policy provides coverage only for you and a resident relative while it remains in force.

22. **LOSS PAYABLE**

We agree that payment for loss covered by the policy and sustained by the vehicle described on the Declaration Certificate shall be made to the named insured and the lienholder as interests may appear. Payment for loss may be made separately to each interested party. Upon our request (either before or after payment) the lienholder shall assign and transfer to us, to the extent of the payment we make to it, its right and interest in the indebtedness to which its lien pertains, including any instrument or security related thereto.

We agree that this endorsement shall not be invalidated as to the interest of the lienholder in the described vehicle by any act or neglect of any named insured or of any owner except:

a. When that vehicle is intentionally damaged, destroyed or concealed by or at the direction of any named insured or by any owner; or
b. When the vehicle is damaged, destroyed or concealed as a result of any other act which constitutes a breach of contract between any named insured or owner and the lienholder.

We agree to protect the lienholder against the consequences of a material change or termination of coverage for a period of 10 days after we send written notice of it to them. The lienholder agrees to notify us of any change of ownership or increase in hazard and to furnish us Proof of Loss within 60 days if the named insured or owner fails to do so within the time required in the policy. No other terms or conditions of the policy are changed.

23. **NON-ASSESSABLE (Applies only if this policy has been issued by Auto Club Insurance Association).**

This policy is non-assessable. The principal named insured is liable only for payment of the premium deposit and will not be liable for any assessment or contingent liability of any kind.

24. **RETURN OF PREMIUM DEPOSIT**

The Board of Governors may authorize a return of premium deposits to the principal named insured at times and in amounts as may be determined in the best interests of the company and consistent with applicable provisions of the Michigan Insurance Code.

## SIGNATURE CLAUSE

The subscribers at Auto Club Insurance Association have caused their Attorney-in-Fact, through its officers shown below, to sign this policy at Dearborn, Michigan as of the effective date of this policy.

### SUBSCRIBERS AT AUTO CLUB INSURANCE ASSOCIATION
(A Reciprocal Insurance Exchange)

Charles H. Podowski
President and Chief Executive Officer
Auto Club Services, Inc.

Richard T. White
Secretary
Auto Club Services, Inc.

Auto Club Group Insurance Company has caused its President and Secretary to sign this policy at Dearborn, Michigan as of the effective date of this policy.

### AUTO CLUB GROUP INSURANCE COMPANY
(A Capital Stock Company)

Charles H. Podowski
President and Chief Executive Officer

Richard T. White
Secretary

MemberSelect Insurance Company has caused its President and Secretary to sign this policy at Dearborn, Michigan as of the effective date of this policy.

### MEMBERSELECT INSURANCE COMPANY
(A Capital Stock Company)

Charles H. Podowski
President and Chief Executive Officer

Richard T. White
Secretary

Car Insurance Policy – Michigan

6500-1207-0110
Eff. 1-1-10

**MICHIGAN AMENDATORY ENDORSEMENT**
**CAR INSURANCE POLICY**
This Endorsement Form attaches to and becomes a part of Policy Form 1207



---

**PART IV - UNINSURED/UNDERINSURED MOTORISTS COVERAGES**

Item 2 under Arbitration is deleted in its entirety and replaced with the following, which changes the time period to file for arbitration or to file a suit or action against us from 3 years to 6 years:

**ARBITRATION**

2.  A demand for arbitration must be filed within 6 years from the date of the accident or we will not pay damages under this Part. Unless otherwise agreed by express written consent of both parties, disagreements concerning insurance coverage, insurance afforded by the coverage, or whether or not a motor vehicle is an uninsured motor vehicle or an underinsured motor vehicle are not subject to arbitration. Any suit or action against us must be filed within 6 years from the date of the accident.

MemberSelect Insurance Company
Auto Club Insurance Association
Auto Club Group Insurance Company

Eff. 10-1-10                                                                                      6500-42419-1010

6500-42419-MI-0215

MemberSelect Insurance Company
Auto Club Insurance Association
Auto Club Group Insurance Company
Dearborn, Michigan 48126



### CHANGES TO YOUR CAR INSURANCE POLICY

We are making changes to our Car Insurance Policy which will affect your insurance policy. This change is contained in the following Car Insurance Policy Amendatory Endorsement and applies to policies written or renewing on February 1, 2015 and later.

### Summary of Changes

Under Definitions Used Throughout This Policy, the definitions for Resident Relative and Spouse have been revised to reflect a change in terminology from resident of your household to domiciled in your household.

Under Part II - Michigan No-Fault Coverages, Personal Protection Insurance has been revised to reflect that the new deductible amount of $500 or the coverage deductible, whichever is higher, is required when primary protection is not available at the time of loss.

Under Part V – Car Damage Coverages, the Limits of Liability section has been revised to reflect our current claim settling procedures.

*This summary is intended to provide general information concerning your insurance policy and is not complete.*
*All coverages are subject to the limits of liability, conditions and other terms of the policy form and endorsements.*

*(see reverse)*

6500-42419-MI-0215

## MICHIGAN AMENDATORY ENDORSEMENT
## CAR INSURANCE POLICY
This Endorsement Form attaches to and becomes a part of Policy Form 6500-1207-0110

### DEFINITIONS USED THROUGHOUT THIS POLICY

Definition 14, Resident Relative and Definition 15. Spouse are deleted in their entirety and replaced with:

14. **Resident Relative** means a person who is domiciled in your household related to you by blood, marriage or adoption, or is your foster child. Resident Relative also includes your unmarried child attending school away from home. In Part II-Michigan No-Fault Coverages, resident relative includes spouse.

15. **Spouse** means your husband or wife if domiciled in your household. If your spouse ceases to be domiciled in your household during the term of this policy, he or she will be considered a domiciled spouse under this policy until the end of the policy term, unless he or she is named as an insured on another policy effective before the end of this policy term.

### PART II -- MICHIGAN NO FAULT COVERAGES

**LIMITS OF LIABILITY**

Item 1.a.(ii), under Personal Protection Insurance is deleted in its entirety and replaced with the following:

(ii) If the Declaration Certificate shows "COORDINATED MEDICAL BENEFITS," it is agreed that primary medical insurance or health care benefit plans providing coverage for motor vehicle accident injuries are available to you or a resident relative and are your primary source of protection. If primary protection is available, we will pay benefits for all reasonable charges incurred for reasonably necessary products, services and accommodations for the care, recovery or rehabilitation of you or a resident relative, except to the extent that: (1) benefits are paid or payable under your primary protection; or (2) a provider within your primary source of protection is qualified and competent to render comparable services or accommodations. If primary protection is not available at the time of loss, amounts payable will be reduced by $500 or the applicable coverage deductible, whichever is higher.

### PART IV - UNINSURED MOTORISTS AND UNDERINSURED MOTORISTS COVERAGES

Item 2. under Arbitration is deleted in its entirety and replaced with the following:

**ARBITRATION**

2. A demand for arbitration must be filed within 6 years from the date of the accident or we will not pay damages under this Part. Unless otherwise agreed by express written consent of both parties, disagreements concerning insurance coverage, insurance afforded by the coverage, or whether or not a motor vehicle is an uninsured motor vehicle or an underinsured motor vehicle are not subject to arbitration. Any suit or action against us must be filed within 6 years from the date of the accident.

### PART V - CAR DAMAGE COVERAGES

**LIMITS OF LIABILITY** paragraph number 3. Is deleted and replaced with the following:

3. The cost of repair or replacement is based upon one of the following:

   a. the cost of repair or replacement agreed upon by you and us; or
   b. a competitive bid approved by us; or
   c. a written estimate that uses the prevailing competitive price. The prevailing competitive price means the price charged by a majority of the repair market in the area where the car is to be repaired. If you ask, we will identify some facilities that will perform the repairs at the prevailing competitive price. You agree with us that repair may include replacement crash parts furnished by non-original equipment manufacturers at least equal in kind and quality to the parts to be replaced in terms of fit, quality, and performance. If you request parts that cost more than those in the estimate, we may require you to pay the difference.

   Any deductible amount that applies is then subtracted.

Eff: 2-1-2015

# EXHIBIT B

STATE OF MICHIGAN

IN THE 36th DISTRICT COURT FOR THE COUNTY OF WAYNE

AUTO CLUB GROUP INSURANCE                    CT NO:
COMPANY (Autumn Caudill),                    HON.

Plaintiff,

-vs-

BLUE CROSS BLUE SHIELD OF MICHIGAN
MUTUAL INSURANCE COMPANY,

Defendant.

_____/

HOM, ARENE, BACHRACH,
CORBETT & KRAMER
BY: LAUREN F. HAYES (P78993)
Attorney for Plaintiff
150 W. Jefferson, Suite 1500
Detroit, MI 48226
313-237-5644 / 313-237-5732 (Fax)
LFHayes@aaamichigan.com

_____/

**AFFIDAVIT OF ACGIC CLAIM SPECIALIST, MICHELE SPENCER**

Michele Spencer, being first duly sworn, deposes and says:

1. That she is a current employee of Auto Club Group Insurance Company (ACGIC) as a

    Claim Specialist in the Subrogation Department.

2. That she was assigned to handle Claim No.: CN-030333 as the policy under which

    Autumn Caudill sought medical benefits from ACGIC for a May 14, 2015 motor vehicle

    accident contained a coordinated medical benefits provision.

3. That she discovered that at the time of the May 14, 2015 motor vehicle accident, Autumn

    Caudill also had a valid policy of insurance with Blue Cross Blue Shield, which provided

primary medical coverage for her under Contract Number GHP891068072, Group Number 83200.

4. That she pursued reimbursement against Blue Cross Blue Shield in the amount of $5,830.87 as the Blue Cross Blue Shield policy was primarily liable for medical bills for medical treatment rendered to Autumn Caudill.

5. That she sent two letters to Blue Cross Blue Shield on March 11, 2016 and June 15, 2016 requesting reimbursement of same.

6. That she did not receive a response from Blue Cross Blue Shield during her multiple recovery attempts.

7. That she sent the file to the Auto Club Group Insurance Company's in-house Legal Department to pursue subrogation against Blue Cross Blue Shield in the amount of $5,830.87.

FURTHER AFFIANT SAYETH NOT

_Michele G. Spencer_
Michele G. Spencer
Claim Specialist

Subscribed and sworn to before on:

This 15 day of December 201 7

_Nancie Rakotz Becker_
Notary Public

Oakland County, M.I State

My Commission Expires: 12-25-22

NANCIE RAKOTZ BECKER
NOTARY PUBLIC STATE OF MICHIGAN
COUNTY OF OAKLAND
My Commission Expires Dec. 25, 2022
Acting in the County of Oakland